IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 13 |
| ROBERT J. MERCIER, JR., ) | Case No: 18-11827-SDB |
| ) | |
| Debtor. ) | |

### TRUSTEE'S MOTION FOR RECONSIDERATION OF ORDER ON DISBURSEMENT OF FUNDS

Comes now, Huon Le, Chapter 13 Trustee, by and through her attorney of record, and files this Motion for Reconsideration of Order on Disbursement of Funds, and shows as follows:

1. Debtor filed his chapter 13 petition on January 29, 2019.

2. Debtor's case was converted to one under chapter 7 by Order (ECF No. 46) ("Conversion Order") entered May 8, 2019.

3. Prior to the conversion, on May 6, 2019, an Order Approving Settlement and Disbursement of Funds (ECF No. 44) ("Settlement Order") was entered. The Settlement Order approved settlement of a prepetition personal injury action in the total amount of $50,000.00 and required Debtor's counsel to turn over to the Chapter 13 Trustee, $17,693.88 in nonexempt settlement funds ("Settlement Funds") held in counsel's trust account.

4. The Settlement Order further provided that "[u]pon conversion of the case to chapter 7, the Chapter 13 Trustee shall turn over the settlement funds to the Chapter 7 Trustee for distribution." (Settlement Order ¶ 5).

5. Neither the Settlement Order nor the Conversion Order addressed disbursement of funds other than the Settlement Funds.

6. On May 7, 2019, Debtor's counsel filed an application for compensation requesting fees in the amount of $4,225.00.

7. The Trustee received the following funds in this case:

    a. On February 2, 2019, a money order from Debtor in the amount of $1,022.00 representing one plan payment.

    b. On May 22, 2019, $17,693.88 from Debtor's counsel representing the Settlement Funds.

8. The Trustee made the following disbursements:

    a. On June 13, 2019, $17,693.88 to the Chapter 7 Trustee, Jim Overstreet of Klosinski Overstreet, LLP.

    b. On June 13, 2019, $927.46 to Robert J. Mercier, Jr., Debtor (refunding the plan payment of $1,022.00 less the Trustee fee of $94.54).

    c. On June 27, 2019, the disbursement to the Debtor was returned to the Chapter 13 Trustee via U.S. Mail with the notation:
>  Return to Sender
> Vacant
> Unable to Forward

    d. On June 27, 2019, the Chapter 13 Trustee disbursed the returned funds to the Clerk of U.S. Bankruptcy Clerk for deposit into the Court Registry for lost funds.

9. The balance of funds on hand in Debtor's case is $0.00.

10. On September 17, 2019, an Order on Disbursement of Funds (ECF No. 89) ("Fee Order") was entered ordering the Chapter 13 Trustee to disburse funds to Debtor's counsel in the amount of $4,225.00 for her attorney fees in this case.

The Chapter 13 Trustee requests the Court reconsider and amend the Fee Order to provide that the Chapter 7 Trustee will disburse fees to the Debtor's counsel in the normal course of priority disbursements for chapter 7 cases. The Chapter 13 Trustee further requests she be added to the Court's service list for the limited period of time necessary to resolve this Motion.

## LAW AND ANALYSIS

### I. Motion to Alter or Amend.

Pursuant to Federal Rule of Bankruptcy Procedure 9023, Federal Rule of Civil Procedure 59 applies to bankruptcy cases. Bankruptcy Rule 9023 provides a fourteen-day time period for parties to file a motion to amend. In the Eleventh Circuit, the only grounds for granting a Rule

59 motion are "newly-discovered evidence or manifest errors of law or fact." *In re Castleberry*, 437 B.R. 705, 707 (Bankr. M.D. Ga. 2010) (internal quotation marks omitted) (quoting *Kellogg v. Schreiber (In re Kellogg)*, 197 F.3d 1116, 1119 (11th Cir. 1999)).

## II. Under *Harris v. Veigelahn*, the Chapter 13 Trustee was required to return post-petition wages to the Debtor.

In *Harris v. Veigelahn*, --- U.S. ---, 135 S. Ct. 1829, 1835 (2015), the Supreme Court determined that "a debtor who converts to Chapter 7 is entitled to return of any postpetition wages not yet distributed by the Chapter 13 trustee." Further, conversion "immediately 'terminates the service' of the Chapter 13 trustee, replacing her with a Chapter 7 trustee." *Id.* at 1836 (quoting 11 U.S.C. § 348(e)).

After conversion, the Supreme Court determined that "postpetition wages must be returned to the debtor." *Id.* at 1837. The Chapter 13 Trustee fulfilled this responsibility by attempting to return the $927.46 to Debtor and then forwarding the funds to the registry when they were returned as undeliverable.

In "winding up" the chapter 13 estate, the Chapter 13 Trustee was required to "(1) . . . turn over records and assets to the Chapter 7 trustee, Rule 1019(4); and (2) . . . file a report with the United States bankruptcy trustee, Rule 1019(5)(B)(ii)." *Id.* at 1839. She fulfilled these responsibilities and complied with the Settlement Order by turning over the Settlement Funds resulting from a prepetition cause of action to the Chapter 7 Trustee and by filing the Chapter 13 Standing Trustee's Final Report and Account (ECF No. 64) on June 17, 2019.

## III. The provision in the Fee Order requiring the Chapter 13 Trustee to disburse funds to Debtor's counsel is an error of law and/or fact.

The moment the case is converted, the Chapter 13 Trustee's ability to disburse funds to creditors is stripped. *Harris*, 135 S. Ct. at 1833. As the Chapter 13 Trustee is only authorized to refund post-petition earnings to Debtor and turn over assets to the Chapter 7 Trustee, it follows

3

that the authority to pay Debtor's counsel fees is likewise stripped.  Therefore, Debtor's counsel must look to the Chapter 7 Trustee to disburse those fees in accordance with the priorities set forth in the Bankruptcy Code for disbursements in a chapter 7 case.[1]

### CONCLUSION

Based on the foregoing, the Chapter 13 Trustee requests the Court amend the Fee Order to provide that the Chapter 7 Trustee disburse funds to Debtor's counsel in the amount of $4,225.00 in accordance with the Bankruptcy Code.  The Chapter 13 Trustee further requests she be added to the Court's service list for the limited period of time necessary to resolve this Motion.

Respectfully submitted this 23rd day of September, 2019.

Jane E. Miller, GA Bar No. 256304
Counsel for Chapter 13 Trustee Huon Le
570 James Brown Blvd.
Augusta, GA 30901
(706) 220-1410
JaneEMiller@chp13aug.org

---

[1] By email dated June 10, 2019, the Chapter13 Trustee advised Debtor's counsel that she was sending the Chapter 7 Trustee $17,693.88 and refunding the debtor the remaining balance on hand from his plan payments pursuant to *Harris v. Viegelahn*.  On June 17, 2019, after the initial attempted disbursement to Debtor, Debtor's counsel responded requesting that the Chapter 13 Trustee not send a refund to Debtor because of the pending fee application.  However, as noted above, on conversion, the Chapter 13 Trustee is without authority to hold funds for disbursement to Debtor's counsel.

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| In the Matter Of: ) | |
| Robert J Mercier, Jr ) | Chapter 13 |
| 291 Church Street ) | Case No. 18-11827-SDB |
| Norwood, GA 30821 ) | |
| ) | |
| Debtor(s) ) | |

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that copies of this Motion have been forwarded by either electronic or first-class mail, postage prepaid, to the above-named Debtor, and the parties whose name appears below, on the <u>23rd day of September 2019</u>.

<u>/s/ Yvonne Ogbuefi</u>
Office of the Chapter 13 Trustee
Post Office Box 2127
Augusta, GA 30903

Claeys McElroy Magruder & Kitchens, Attorney At Law, 512 Telfair St, Augusta, GA 30901

Robert J Mercier Jr, 1941 Phinizy Road, Augusta, GA 30906

Robert J Mercier Jr, 291 Church Street, Norwood, GA  30821

James C. Overstreet, Chapter 7 Trustee, Klosinski Overstreet LLP, 1229 Augusta West Parkway, Augusta, GA 30909

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| In the Matter of: | ) | Chapter 13 |
| Robert J Mercier, Jr | ) | |
| 291 Church Street | ) | Case No. 18-11827-SDB |
| Norwood, GA 30821 | ) | |
| | ) | |
| | ) | |
| Debtor | | |

### ORDER ON TRUSTEE'S MOTION FOR RECONSIDERATION OF ORDER ON DISBURSEMENT OF FUNDS

Upon Motion of the Chapter 13 Trustee Huon Le, by and through counsel, it is hereby ORDERED that the Trustee's Motion for Reconsideration of Order on Disbursement of Funds is GRANTED.

The Order on Disbursement of Funds (ECF No. 89) is amended to provide that the Chapter 7 Trustee disburse funds to Debtor's counsel in the amount of $4,225.00 in accordance with the Bankruptcy Code.

[END OF DOCUMENT]

Order prepared by:
/s/ Jane Miller
Jane Miller, Attorney for
Chapter 13 Trustee Huon Le
Georgia Bar No. 256304
P.O. Box 2127
Augusta, GA 30903